# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KEITH MICHAEL PERI, JR.**                                                 **PLAINTIFF**

**v.**                                               **CIVIL NO. 1:17-cv-82-HSO-JCG**

**PEARL RIVER COUNTY, MISSISSIPPI, ET AL.**                 **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

Pro se Plaintiff Keith Michael Peri, Jr. initiated this action on March 22, 2017, while he was incarcerated in the Pearl River County Jail, in Poplarville, Mississippi. On April 21, 2017, United States Magistrate Judge John C. Gargiulo entered two Orders [8, 9]. One of the Orders [8] granted Peri's Motions [2, 6] to proceed *in forma pauperis* and set a payment schedule as required by 28 U.S.C. § 1915(b)(1). The other Order [9] required Peri to file a response, on or before May 15, 2017, providing specific information regarding his claims. Order [9] at 2. This Order [9] warned Peri that his failure to timely comply with the requirements of the Order or advise the Court of a change of address may lead to the dismissal of the Complaint. *Id*. Both Orders [8, 9] were mailed to Peri at his last known address. The envelope [10] containing the Orders [8, 9] entered April 21, 2017, was returned

with a stamped notation "Return to Sender." Mail Returned [10] at 1. On May 5, 2017, Peri filed a change of address. *See* Pl.'s Notice [12].

On May 8, 2017, the Magistrate Judge entered an Order [13] granting Peri an extension of time to comply with the April 21, 2017, Order [9], and directed Peri to comply on or before May 30, 2017, by providing specific information concerning his claims. The Magistrate Judge further directed the Clerk to mail a copy of the Orders [8, 9] entered April 21, 2017, to Peri at his last known address. Order [13] at 1-2. That Order [13] also warned Peri that failure to timely comply or failure to provide a change of address could result in this civil action being dismissed. *Id*. at 2.

When Peri failed to comply with the Order [13] entered May 8, 2017, an Order to Show Cause [14] was entered on June 13, 2017, requiring that on or before July 6, 2017, Peri: (1) file a written response, showing cause why this case should not be dismissed for Peri's failure to comply with the Court's prior Orders [9, 13]; and (2) comply with the Court's prior Orders [9, 13], by filing the required response. Order [14] at 1-2. Peri was cautioned that failure to timely comply with this Order [14] or his failure to keep the Court informed of his current address may result in the dismissal of this case. *Id*. at 2. Peri did not respond to this Order [14].

Since Peri is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On July 21, 2017, the Magistrate Judge entered a Second and Final Order to Show Cause [15]. The Order [15] required that on or before August 14, 2017, Peri: (1) file a written

response, showing cause why this case should not be dismissed for Peri's failure to comply with the Court's previous Orders [9, 13, 14]; and (2) comply with the Court's previous Orders [9, 13, 14] by filing the required response. Order [15] at 1-2. Peri was warned that his "failure to timely comply with the Order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by Plaintiff and ***will result*** in this cause being dismissed without prejudice and ***without*** further notice to Plaintiff." *Id*. at 2. Peri did not respond to this Order [15] or otherwise contact the Court about this case.

## II. <u>DISCUSSION</u>

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Peri did not comply with multiple Orders after being warned several times that failing to do so might result in the dismissal of his lawsuit. Order [3] at 2; Order [4] at 2; Order [8] at 2; Order [9] at 2; Order [13] at 2; Order [14] at 2; Order [15] at 2. Peri has not contacted the Court since May 5, 2017. Such inaction

3

represents a clear record of delay or contumacious conduct by Peri.   It is apparent that Peri no longer wishes to pursue this lawsuit.   As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.   *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

### III.   CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 30th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE